

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

February 8, 1995

Ms. Rebecca E. Forkner
Executive Director
Texas State Board of Examiners
 of Psychologists
9101 Burnet Road, Suite 212
Austin, Texas 78758

Opinion No. DM-321

Re: Whether a person who practices psychotherapy, hypnosis for health care purposes, hypnotherapy, or biofeedback without a license violates the Psychologists' Certification and Licensing Act, V.T.C.S. article 4512c (RQ-686)

Dear Ms. Forkner:

You ask "[w]hether a person who practices psychotherapy, hypnosis for health care purposes, hypnotherapy, or biofeedback without a license to practice psychology in Texas . . . violates the Psychologists' Certification and Licensing Act," V.T.C.S. article 4512c ("the act"). You note that 1993 legislation specifically added the following language to the definitional provisions in section 2 of the act:

> The practice of psychology includes the use of projective techniques, neuropsychological testing, counseling, career counseling, *psychotherapy, hypnosis for health care purposes, hypnotherapy, and biofeedback* and the evaluation and treatment by psychological techniques and procedures of mental or emotional disorders and disabilities.

Acts 1993, 73d Leg., ch. 778, § 1 (emphasis added).

You note, too, that the same 1993 legislation expanded the licensure requirement in section 20 of the act by making it a violation of the act not only to "represent" oneself as a psychologist without holding a license under the act but also to "engage in the practice of psychology" without such license. *Id.* § 19. Reading together the provisions of sections 2 and 20, as amended, we conclude that, subject to the exceptions set out in section 22 of the act, and the proviso in section 21 that the services be rendered "for compensation," a person who practices psychotherapy, hypnosis for health care purposes, hypnotherapy, or biofeedback without a license violates the act.[1] *See* V.T.C.S. art. 4512c,

---

[1]We have been supplied, in connection with this request, with statements of legislators made after the 1993 adoption of the provisions at issue regarding the intent of those provisions. Post-enactment statements of legislators do not form part of the legislative history of provisions that may be taken account

§ 22 (exempting from the scope of the act *inter alia* services performed by employees at governmental agencies and certain public educational institutions, services within the scope and performed by members of other licensed professions).[2]

Your second question is whether the board "is authorized to take enforcement action, including injunctive relief, against [unlicensed practitioners]" of psychotherapy, hypnosis for health care purposes, hypnotherapy, or biofeedback. Section 24 of the act provides:

> The board shall have the right to institute an action in its own name to enjoin the violation of any provisions of this Act. Said action for injunction shall be in addition to any other action, proceeding or remedy authorized by law. The Board shall be represented by the Attorney General or the County or District Attorneys of this state.

We concluded in response to your first question that the practice of psychotherapy, hypnosis for health care purposes, hypnotherapy, or biofeedback by an unlicensed practitioner, for compensation and not within any of the exceptions set out in the act, is a violation of the act. In response to your second question, it is our opinion that section 24 of the act clearly authorizes the board to take action to enjoin such violations, as well as other actions against violators authorized by law.

---

(footnote continued)
of in their construction. *See* NORMAN J. SINGER, 2A SUTHERLAND STATUTORY CONSTRUCTION § 48.16 (5th ed. 1992). As for the legislative history proper of these provisions, we find nothing therein indicating a legislative intent that they operate other than as we construe them here.

[2]We note that the terms "psychotherapy," "hypnosis for health care purposes," "hypnotherapy," and "biofeedback" are not defined in the act. The board may have some authority by rule to define the scope of these terms "as reasonably necessary for the proper performance of its duties under the act." *See* V.T.C.S. art. 4512c §§ 8 (rule-making authority), 19A (advisory committee to recommend rules); *see also, e.g., id.* § 19 (authority to set standards and issue licenses for "sub-doctoral levels of psychological personnel").

## S U M M A R Y

A person who, for compensation, practices psychotherapy, hypnosis for health care purposes, hypnotherapy, or biofeedback without a license under the Psychologists' Certification and Licensing Act, V.T.C.S. article 4512c, violates that act unless such practice falls within one of the exceptions set out in the act. The act authorizes the Texas State Board of Examiners of Psychologists to take action to enjoin such violations, as well as other actions against violators authorized by law.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General